IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH ALLEN NEIGHBORS,

    Plaintiff,               No. CIV S-05-1339 FCD KJM P

    vs.

RONDA HOLTORF, et al.,

    Defendants.           FINDINGS & RECOMMENDATIONS

_____/

       Plaintiff is a state prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. Defendants have filed a motion to dismiss in which they assert plaintiff failed to exhaust administrative remedies with respect to his claims prior to filing suit. Plaintiff has filed an opposition; defendants have not replied.

I. Standard

       A motion to dismiss for failure to exhaust administrative remedies prior to filing suit arises under Rule 12(b) of the Federal Rules of Civil Procedure. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). In deciding a motion to dismiss for failure to exhaust non-judicial remedies, the court may look beyond the pleadings and decide disputed issues of fact. Id. at 1120. If the district court concludes that the prisoner has not exhausted non-judicial remedies, the proper remedy is dismissal of the claim without prejudice. Id.

1

1    The exhaustion requirement is rooted in the Prison Litigation Reform Act, which
2  provides that "[n]o action shall be brought with respect to prison conditions under section 1983
3  of this title, . . . until such administrative remedies as are available are exhausted." 42 U.S.C.
4  § 1997e(a). California Department of Corrections (CDC) regulations provide administrative
5  procedures in the form of one informal and three formal levels of review to address plaintiff's
6  claims. See Cal. Code Regs. tit. 15, §§ 3084.1-3084.7. Administrative procedures generally are
7  exhausted once a prisoner has received a "Director's Level Decision," or third level review, with
8  respect to his issues or claims. Cal. Code Regs. tit. 15, § 3084.5. All steps must be completed
9  before a civil rights action is filed, unless a plaintiff demonstrates a step is unavailable to him;
10 exhaustion during the pendency of the litigation will not save an action from dismissal.
11 Woodford v. Ngo, 548 U.S. ___, 126 S.Ct. 2378, 2381 (2006); McKinney v. Carey, 311 F.3d
12 1198, 1200 (9th Cir. 2002). Where employees of the prison prevent inmates from filing 602s, the
13 administrative remedy is not "available" and the defendants may be estopped from raising non-
14 exhaustion as an affirmative defense. Abney v. McGinnis, 380 F.3d 663, 667 (2nd Cir. 2004);
15 see also Ziemba v. Wezner, 366 F.3d 161, 163-64 (2nd Cir. 2004); Hernandez v. Schriro, No.
16 CV05-2853-PHX-DGC, 2006 WL 2989030, at *3-4 (D. Ariz. Oct. 18, 2006) (adopting the 2nd
17 Circuit's approach to determining whether administrative remedies are available in civil rights
18 actions filed pursuant to 42 U.S.C. § 1983). Defendants bear the burden of proving plaintiff's
19 failure to exhaust. Wyatt v. Terhune, 315 F.3d 1108, 1117-19 (9th Cir.), cert. denied sub nom.
20 Alameida v. Wyatt, 540 U. S. 810 (2003).
21 II. Plaintiff's Allegations
22    Plaintiff alleges that on January 19, 2005, he received notification, via a California
23 Department of Corrections (CDC) form 1819 signed by defendant Smith, that the January 2005
24 issue of "For Him Magazine" (FHM), for which plaintiff maintained a monthly subscription,
25 would not be allowed into the institution. Am. Compl. at 4:2-11. Plaintiff was informed by
26 Smith that the issue of FHM was disallowed due to pages 30, 34, 44, 80 to 86 and 108. Id. at

1  4:7-9. On January 20, 2005, plaintiff submitted a CDC-602 Inmate/Parolee Appeal Form (602)
2  to defendant Smith requesting further description as to why the FHM issue was being withheld.
3  Id. 4:11-18.  The 602 was forwarded to defendant Holtorf in the prison's mail-room for informal
4  level review and response.  Id. at 4:18-21.  Defendant Holtorf prepared an informal level
5  response explaining that the FHM issue was not allowed due to the depiction of frontal nudity.
6  Id. at 4:21:25.  Plaintiff alleges that the issue of FHM did not contain nudity.  Id. at 4:25-28.

7  In this court's December 29, 2005 order, the court found that plaintiff's complaint
8  states claims for relief under the First Amendment to the United States Constitution against
9  defendants Smith and Holtorf.

10  III.  Analysis of Motion

11  In support of their motion, defendants present the declaration of N. Grannis, the
12  Chief of the Inmate Appeals Branch at the California Department of Corrections and
13  Rehabilitation.  In the declaration, Grannis indicates that from January 1, 2005 to the present
14  defendant submitted one appeal that was accepted for a Director's Level Review -- inmate log
15  number 05-00254 (#254).  Decl. of N. Grannis ¶ 7.  Grannis also indicates that on August 1,
16  2005, the Director's Level Decision was reached on this appeal and that the appeal was the only
17  one "accepted . . . [that was] related to allegations of misconduct by Holtorf and Smith and the
18  disallowance of Plaintiff's magazine."  Id. ¶¶ 7 & 8.  In light of these facts defendants assert this
19  matter must be dismissed because plaintiff brought this action nearly a month earlier on July 5,
20  2005.

21  With his opposition, plaintiff submits two separate inmate appeal forms:  inmate
22  log #254 and inmate log number 05-00321 (#321).  Opp'n, Exs. A, B.  Plaintiff asserts that,
23  despite CDC's treatment of these appeals as duplicative of each other, #254 and #321 present
24  substantively different issues.  In #321 plaintiff requests a "more descriptive reason" for the
25  disallowance of the specific FHM issue - - the issue underlying the instant complaint.  Id., Ex. A
26  at A:1.  In #254 plaintiff requests clarification as to the proper procedure regarding review of

1  publications. Id., Ex. A at B:1.  Plaintiff also submits two letters from the Inmate Appeals Office
2  rejecting #321 twice at the first level of review as a duplicate of # 254; the second rejection letter
3  is dated March 10, 2005.  Id. at A:7, A:9.  Plaintiff avers that he also submitted #321 to the
4  "Central Office" seeking Director's Level Review, but that appeal also was rejected as of June 9,
5  2005.  Opp'n at 4:13-17, 5:1-4 & Ex. A at A:2, A:10.  In the Director's Office response, N.
6  Grannis states the appeal needs to be "completed through the Second Level of Review."  Id., Ex.
7  A at A:10.  Defendants have not responded to plaintiff's assertions based on appeal #321.
8  Plaintiff argues in effect that the Inmate Appeals Office's refusal to consider #321 shows that, as
9  of June 9, 2005, nearly a month before he filed suit here, there were no further administrative
10 remedies left for plaintiff to exhaust with respect to the issues raised in this action.

11         Based on the record before the court, defendants have not met their burden of
12 showing plaintiff's failure to exhaust.  Defendants fail to show what more plaintiff could or
13 should have done to grieve his request for a more detailed description of the reason for
14 disallowance of the FHM issue, after having been told twice it was duplicative, and then being
15 told by the Director's Level that it was being returned for failure to exhaust below.  Although the
16 procedural issue resolved by the #254 appeal was "related" to the request for more detail, as N.
17 Grannis indicates, the resolution of #254 did not resolve the separate question posed by the #321
18 appeal.  Without more information to explain the remaining gaps in the relevant chronology, on
19 this record the court is not able to grant the pending motion.

20         In accordance with the above, IT IS HEREBY RECOMMENDED that:
21         1. Defendants' June 6, 2006 motion to dismiss be denied; and
22         2. Defendants be directed to file an answer within twenty days of the adoption of
23 these findings and recommendations, if they are adopted.
24 /////
25 /////
26 /////

1  These findings and recommendations are submitted to the United States District
2  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
3  days after being served with these findings and recommendations, any party may file written
4  objections with the court and serve a copy on all parties.  Such a document should be captioned
5  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
6  shall be served and filed within ten days after service of the objections.  The parties are advised
7  that failure to file objections within the specified time may waive the right to appeal the District
8  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
9  DATED: January 6, 2007.

_____
U.S. MAGISTRATE JUDGE

1/JG
neig1339.157